**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Fleck,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>American Home Mortgage Servicing, Inc., et al.,<br><br>　　　　　　　Defendants. | No. CV 10-8256-PCT-DGC<br><br>**ORDER** |

**I.      Motion to Dismiss.**

Defendant Quality Loan Service Corp. ("QLS") moves to dismiss Plaintiff's claim for an accounting (i.e., third claim for relief) under Federal Rule of Procedure 12(b)(6) on grounds that Plaintiff failed to allege QLS owes Plaintiff a statutory or contractual duty for an accounting. Doc. 6. Plaintiff's response, albeit voluminous, fails to address QLS's duty-pleading argument and fails to assert that QLS has a duty to provide an accounting. Doc. 10. The motion has been fully briefed. Docs. 6, 10, 12.

Plaintiff has cited no law or statute that requires QLS to perform an accounting, and therefore has not met its burden of pleading a claim for which Plaintiff is entitled to relief. *Cf. In re Schuster's Estate*, 281 P. 38, 43 (Ariz. 1929) (noting that "[t]he particular powers and duties of a trustee are regulated by the terms of the instrument creating the trust"). The Court will, therefore, dismiss without prejudice the third claim of relief

against QLS.[1]

## II. Motion to Remand.

Plaintiff's complaint was filed in Arizona Superior Court for Yavapai County on November 29, 2010 (Doc. 1-1 at 4) and removed to this Court by three of the four defendants on December 27, 2010 on the basis of diversity jurisdiction (*id.* at 1-2). On January 18, 2011, Plaintiff moved to remand on several grounds, including that (1) failure of all defendants to join in the removal renders the removal procedurally defective, and (2) the Court should abstain from exercising diversity jurisdiction.[2] Doc. 9.

The next day, January 19, 2011, the remaining defendant, QLS, joined in the notice of removal. Doc. 11. Defendants also oppose remand (Docs. 13, 15), and the motion has been fully briefed (Docs. 11, 13-15). Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

QLS's joinder in removal cured the procedural defect and mooted Plaintiff's first ground for remand. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), *superseded by statute on other grounds*. Plaintiff has not shown that the Court lacks diversity jurisdiction of this case under 28 U.S.C. § 1332: the complaint alleges complete diversity and prays for relief in excess of the jurisdictional threshold amount. Doc. 1-1 at 4-5, 15-16 (alleging defendants to be foreign corporations and praying for general, compensatory, and punitive damages of $4,000,000).

Plaintiff also argues that this Court should abstain from exercising diversity jurisdiction under doctrines established in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), *La.*

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] Plaintiff's other arguments are groundless in the context of this case.

*Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959), *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941), *Younger v. Harris*, 401 U.S. 37 (1971), and the *Rooker-Feldman* doctrine. Doc. 9. Plaintiff has failed to persuade the Court that any of these abstention doctrines apply here. This case is not brought under the Court's equitable powers, is squarely within this Court's diversity jurisdiction, Plaintiff has not shown that a parallel state judicial proceeding is pending or that a state-court judgment has been entered on the issues before the Court, and Plaintiff has made no showing that this Court would be unable to apply state law to the issues before it, *see Thibodaux*, 360 U.S. at 27 (noting that "the mere difficulty of state law does not justify a federal court's relinquishment of jurisdiction in favor of state court action"). The motion to remand will therefore be denied.[3]

**IT IS ORDERED:**

1. QLS's motion to dismiss (Doc. 6) is **granted** as stated above.

2. Plaintiff's motion to remand (Doc. 9) is **denied**.

Dated this 8th day of March, 2011.

_____
David G. Campbell
United States District Judge

---

[3] The Court need not address Defendants' argument that federal-question jurisdiction lies in this case (Doc. 13 at 8-9).