**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Fleck, an individual, | No. CV-10-8256-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| American Home Mortgage Servicing, Inc., et al, | |
| Defendants. | |

Plaintiff Robin Fleck has filed a motion to strike and for sanctions. The motion makes various arguments against Defendants: their written discovery responses were untimely, the responses violated Rule 11, the responses were not verified by proper corporate representatives, and Defendants failed timely to disclose a corporate representative. Doc. 41. Plaintiff seeks serious sanctions – that the responses be stricken and the requests for admission be deemed admitted. *Id.* Defendants have responded with a point-by-point rebuttal showing, for several reasons on each point, that Plaintiff's motion is not well taken. Doc. 41. Plaintiff has filed nothing in reply.

The Court will not devote substantial time to addressing the flaws in Plaintiff's motion. The Court will, however, note some of the more obvious deficiencies.

The Court's Case Management Order (Doc. 23) provides: "The parties shall not file written discovery motions without leave of Court. If a discovery dispute arises, the parties promptly shall contact the Court to request a telephone conference concerning the dispute." Doc. 23 ¶ 6(a). The Case Management Order also provides that discovery

disputes shall be raised with the Court before the close of discovery. *Id.* at ¶ 6(c). Plaintiff failed to comply with both of these provisions.

The Case Management Order also states: "Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j)." *Id.* at ¶ 6(b). Plaintiff's motion does not contain the certification required by Local Rule 7.2(j) attesting that she complied with this requirement, and Plaintiff has provided nothing to rebut Defendants' assertion that she did not.

Plaintiff's request for Rule 11 sanctions fails to comply with Rule 11. The motion was not filed separately from Plaintiff's other sanctions requests as required by Rule 11(c)(2), nor was it served on Defendants 21 days before its filing in court as required by the same provision.

Plaintiff complains that Defendants' discovery responses were late. This assertion ignores the fact that the Plaintiff's discovery requests were themselves untimely, being filed less than 45 days before the discovery deadline contrary to paragraph 4(b) of the Case Management Order. Doc. 23. Moreover, Defendants attach communications showing that the responses were provided within the time agreed to by Plaintiff (Doc. 42), a fact not disputed by Plaintiff.

Plaintiff claims that the discovery responses were verified by Jose Colon, an individual employed by Defendant AHNMSI but not employed by Defendant Citibank NA. Defendants note that Mr. Colon was authorized to sign for both Defendants (*see* Doc. 37-1 at 2), a fact not disputed by Plaintiff.

The Court will not address the remaining issues raised in the motion and rebutted in the response, as none of them is addressed in a reply by Plaintiff. Suffice it to say that Plaintiff's motion is not well taken and the Court will deny it.

Defendants seek to recover attorneys' fees incurred in responding to Plaintiff's motion. The Court is inclined to grant that relief, either against Plaintiff or her counsel or

- 2 -

both, but must first afford Plaintiff and her counsel an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(B). The parties shall address this issue on the schedule set forth below.

**IT IS ORDERED**:

1. Plaintiff's request to strike and for sanctions (Doc. 37) is **denied**.
2. By **May 4, 2012**, Defendants shall file a memorandum and supporting material setting forth the attorneys' fees and costs incurred in responding to Plaintiff's motion. By **May 11, 2011**, Plaintiff shall file a response. By **May 16, 2012**, Defendants shall file a reply. The initial memoranda shall not exceed seven pages each (exclusive of attachments) and the reply shall not exceed four pages.

Dated this 27th day of April, 2012.

David G. Campbell
United States District Judge