**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Fleck, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>American Home Mortgage Servicing, Inc., et al,<br><br>                Defendants. | No. CV-10-8256-PCT-DGC<br><br>**ORDER** |

Defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Citibank, N.A. as Trustee for Merrill Lynch Mortgage Investors Trust ("Citibank") filed a motion for summary judgment and request for attorneys' fees. Doc. 33. The motion is fully briefed. Doc. 33, 45, 49. For the reasons that follow, the Court will grant the motion.[1]

**I.    Factual Background.**

On September 20, 2006, non-party Golden Empire Mortgage, Inc. ("Golden Empire") loaned Plaintiff $617,500 pursuant to an Adjustable Rate Note for financing on a home at 1710 Sylvan Drive, Prescott, Arizona ("the Property"). Doc. 34, ¶ 1; Doc. 1-1, ¶ 6. On the same day, Plaintiff executed a Note in favor of Golden Empire and a Deed of Trust on the Property. *Id.* ¶ 2. The Deed of Trust names Mortgage Electronic Registration System ("MERS") as the nominal beneficiary of the Note. Doc. 36-1 at 16,

---

[1] Both parties requested oral argument. The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

¶ (E).  It further states that "Borrower understands and agrees that . . . MERS (as nominee for the Lender and Lender's successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property."  *Id.* at 18.  Elsewhere, the Deed of Trust states that the Note and Deed of Trust "can be sold one or more times without prior notice to the Borrower" and that this may "result in a change in the entity (known as the "Loan Servicer") that collects payments and performs other mortgage-related obligations."  *Id.*, ¶ 20.

On September 21, 2006 MERS executed a corporate assignment of the Deed of Trust, assigning all rights under the Deed of Trust to Option One Mortgage Corporation ("Option One").  Doc. 34, ¶ 12; *see* Doc. 36-1 at 36.[2]  Golden Empire endorsed the Note to Option One.  *Id.*, ¶ 14.  Thereafter, Option One assigned the Deed of Trust and Note to "blank" (without specifying a specific assignee) and these documents became part of the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 ("Trust"), for which Citibank is the Trustee.  *Id.*, ¶ 16, Doc. 36, ¶¶ 7-9.  Option One, acting under the new name of Sand Canyon Corporation, assigned Citibank all beneficial interest in the Deed of Trust.  *Id.*, 15-18, Doc. 1-1 at 66 ("Assignment of Deed of Trust").  Citibank thereafter substituted Quality Loan Services Corporation ("Quality Loan") as trustee.  Doc. 1-1 at 67-68.

In July of 2008, Plaintiff stopped making payments on her loan.  Doc. 34, ¶ 6, admitted in Doc. 46, ¶ 6.  The Note provides that if Plaintiff does not "pay the full amount of each monthly payment the day it is due, [she] will be in default."  Doc. 36-1, ¶ 7.  The Deed of Trust states that if she fails to perform her agreements under the Note,

---

[2] Plaintiff disputes the assignment, claiming she has not seen a copy of it (Doc. 46, ¶ 11), but in the next paragraph states that the assignment "speaks for itself" (*id.*, ¶ 12; *see* Doc. 36-1 at 36).  Plaintiff makes similar objections to the remaining documents referred to in the loan transfer history, but she does not appear to dispute or raise any genuine issues of fact that the transfers represented in the challenged documents took place.  *See* Doc. 46, ¶¶ 13, 15.  Plaintiff's citations to her own declaration relate to allegations that Golden Empire did not make adequate disclosures to her when she signed the loan documents and do not raise an issue of fact about whether the later documents were executed.  *See* Doc. 46 at 96-87, ¶¶ 11, 12, 13, 23.

the "Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the property." *Id.*, ¶ 9.

On August 4, 2010, Quality Loan, acting as trustee, filed a Notice of Trustee's Sale with the Yavapai County Recorder's Office. Doc. 1-1 at 70. The Notice names Citibank as the beneficiary and Defendant AHMSI as the attorney-in-fact. *Id.* The Declaration of Crystal Kearse, AHMSI's Foreclosure Assets Specialist, explains that AHMSI is the loan servicer responsible for such things as collecting and monitoring payments, overseeing foreclosures, and remitting payments to investors. Doc. 36, ¶¶ 2-5.

Plaintiff filed this action on November 26, 2010, asserting four claims in relation to the pending Trustee's Sale: (1) misrepresentation, (2) consumer fraud, (3) accounting, and (4) quiet title. Doc. 1-1. The Trustee's Sale has been on hold pending the outcome of this action.

**II.     Legal Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    Discussion.**

    **A.     Claims 1 and 2: Misrepresentation and Consumer Fraud.**

Plaintiff makes claims of intentional misrepresentation and consumer fraud based on allegations that the loan originator, Golden Empire – which is not a party in this lawsuit – fraudulently misrepresented Plaintiff's income in August 2006 and thereby

- 3 -

originated a loan that obligated her to pay a higher than necessary interest rate. Doc. 1-1, ¶¶ 21-43. Defendants argue that summary judgment is appropriate because these claims are time-barred. Doc. 33, ¶¶ 6-8. Additionally, the complaint alleges no participation on the part of Defendants in Plaintiff's loan origination, and Plaintiff fails to state any basis for imposing vicarious liability for the alleged fraud of Golden Empire. *Id.*, ¶¶ 8-9.

Plaintiff's claim for intentional misrepresentation is subject to a three year statute of limitations. Ariz. Rev. Stat. § 12-543(3). The limitations period begins to run when the "plaintiff by reasonable diligence could have learned of the fraud, whether or not [s]he actually learned of it." *Coronado Dev. Corp. v. Superior Court*, 678 P.2d 535, 537 (Ariz. Ct. App. 1984).

Plaintiff's claim under Arizona's Consumer Fraud Act, A.R.S. § 44-1521, is subject to a one year statute of limitations. Ariz. Rev. Stat. § 12-541(5). The limitations period begins to run when the plaintiff discovers the fraud or could have discovered the fraud by the exercise of reasonable diligence. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011). In *Cervantes*, the Court found that a cause of action under the Consumer Fraud Act involving the signing of mortgage documents accrued when the plaintiffs executed the loan documents because they could have discovered the alleged disclosure violations and discrepancies at that time. *Id.*

Plaintiff states in two headings in her response brief that the statute of limitations has not run as to any of her claims (*see* Doc. 45 at 4, 7), but the sections that follow fail to discuss this assertion (*id.* at 4, 7-8) and the facts are to the contrary. The complaint alleges that Plaintiff signed her loan documents on September 21, 2006. Doc. 1-1, ¶ 23. She filed her complaint November 26, 2010, more than four years later and well outside the three-year and one-year statutes of limitations for her misrepresentation and consumer fraud claims.

Plaintiff alleges in the complaint that she is entitled to equitable tolling because she is not a mortgage professional and "was in no position to discover the [fraud] until a forensic review of her loan documents was conducted on November 3, 2010." *Id.*, ¶ 35.

- 4 -

But as this Court previously stated in *Stejic v. Aurora Loan Servs., LLC*, No. CV-10-51-PHX-DGC, 2010 WL 4220570, at *3 (D. Ariz. Oct. 20, 2010), "'the test for when a cause of action accrues is not only what the plaintiff actually knew, but what he or she *should have known or could have discovered* with reasonable diligence.'" *Id.* (quoting *Cervantes v. Countrywide Home Loans, Inc.,* No. CV 09-517-PHX-JAT, 2009 WL 3157160, at *7 (D.Ariz. Sept. 24, 2009)) (emphasis in original). Plaintiff does not point to any facts in the record showing that she undertook reasonable diligence to discover the alleged misrepresentation of her income within the statutory period. Nor does Plaintiff dispute that she knew the actual amount of her income when she accepted the loan from Golden Empire.

Plaintiff bears the burden of proof on equitable tolling. *McCloud v. Arizona Dept. Pub. Safety*, 170 P.3d 691, 694 (Ariz. Ct. App. 2007). Absent evidence showing that Plaintiff exercised reasonable diligence and that she could not have discovered the alleged fraud earlier, Plaintiff has failed to create a genuine issue of material fact on whether the statutes of limitations should be tolled. Thus, as in *Cervantes*, Plaintiff's causes of action accrued when she executed the loan documents on September 21, 2006. The limitations periods for both claims ran prior to her filing this action on November 26, 2010.

Even if these claims were not time-barred, Plaintiff makes no allegation that Defendants took part in the origination of Plaintiff's loan when the alleged fraud took place. Plaintiff's sole factual allegations against Defendants are that Citibank had "knowledge of defects on the face of the loan" at the time it became the assignee and that unspecified "documents" are missing, showing concealment. Doc. 1-1, ¶¶ 36, 43. Plaintiff provides no citation to the record showing these alleged defects or the absence of critical documents, nor is it clear how Golden Empire's alleged misrepresentation of her income resulted in defects on the face of the loan that should have been obvious to Defendants. Plaintiff also fails to cite any legal authority for her apparent assertion that parties who subsequently take possession of a loan have a duty to inquire into all aspects

of the original transaction and assume liability for any misconduct that allegedly "infects" the documents. Doc. 45 at 7-8. In short, Plaintiff provides no factual or legal basis to support her fraud claims against Defendants.

Defendants are entitled to summary judgment on Plaintiff's misrepresentation and consumer fraud claims.

### B.   Claim 4: Quiet Title.

Plaintiff makes a claim for quiet title, requesting the Court to issue a judgment that she is the owner of the Property and Defendants have no interest in it adverse to her own. Doc. 1-1, ¶¶ 49-61. The complaint alleges that Defendants are attempting to execute an invalid Trustee's Sale. *Id.*, ¶¶ 53-54. The complaint appears to question the authority of MERS to make assignments of the Deed of Trust, stating that MERS is not listed on the Note and is only listed on the Deed of Trust as the "'nominee for the lender and the lender's successors and assigns.'" *Id.*, ¶ 53. The complaint also makes a number of allegations purportedly calling into question the validity of the loan transfer documents. Plaintiff appears to allege that the Assignment of the Deed of Trust from the original lender to Option One is invalid, stating that it was notarized a month after it was signed and not recorded until several months later (*Id.*, ¶ 55), and that the Assignment from Option One is invalid because it was signed by Elizabeth Boulton, a "known ROBO-signer," and it assigned Option One's interest on June 30, 2010, but a March 18, 2009 declaration of the president of Sand Canyon Corporation (f/k/a Option One) states that Sand Canyon did not own any residential mortgages as of April 30, 2008. *Id.*, ¶ 57.[3] The complaint also alleges that Quality Loan, the trustee named in the Notice of Trustee's Sale, was not validly appointed because the Substitution of Trustee was signed by Robyn Tassell whom Plaintiff is informed and believes is a ROBO-signer employed by Quality Loan, creating a conflict of interest. *Id.*, ¶ 54. Finally, the complaint alleges that the Deed of Trust is invalid and void because Plaintiff is entitled to offsets that exceed the

---

[3] To the extent this declaration may be relevant, the Court was unable to locate it in the record. Plaintiff does not cite to this declaration anywhere in her response.

- 6 -

amount due under the Note. *Id.*, ¶ 60.

Defendants argue that MERS was a proper party to the Deed of Trust and had standing to assign it. Doc. 33 at 14. They argue that MERS assigned the Deed of Trust to Option One, Option One assigned and endorsed the Note and Deed of Trust to "blank," and Citibank now holds the original Note and Deed of Trust under the Trust. *Id.* at 15-16. Defendants argue that they are entitled to summary judgment because Citibank is holder of both the Note and Deed of Trust and meets all the requirements to foreclose under Arizona law. Doc. 33 at 15-16.

To the extent that Plaintiff's quiet title claim rests on the allegation that MERS lacked authority as "nominee for the lender" to assign the Deed of Trust to Option One on behalf of Golden Empire, this argument goes against the plain language of the Deed of Trust which states that MERS has the right to exercise any and all of the lender's interests. Doc. 36-1 at 18. Moreover, Defendants have provided a copy of the original Note which includes an endorsement by Golden Empire transferring the Note to Option One. Docs. 36, ¶ 9(a), 36-1 at 13. Plaintiff's only objection to this evidence is that "Plaintiff has never seen any endorsement on the Note." Doc. 46, ¶ 13. Plaintiff does not state how the evidence Defendants provide is deficient; Plaintiff instead cites generally to a 44-page "Forensic Securitization Report" and to a single paragraph of her own declaration which concerns her discovery of Golden Empire's alleged fraud. *Id.*, referencing Doc. 46 at 11-65 & 87, ¶ 3. In short, Plaintiff has raised no genuine issue of material fact related to MERS' authority to assign the Deed of Trust on behalf of Golden Empire or Golden Empire's endorsement of the Note in conjunction with this assignment.

Plaintiff's allegations of defects on the two assignments of the Note and the Substitution of Trustee, and of her entitlement to undisclosed "offsets" that exceed the amount of the loan, are also entirely unsupported by citations to the record. Additionally, to the extent that any of the alleged transfer defects – such as the post-dated notarization on the original assignment – may be adduced from Plaintiff's attachments of the documents themselves, Plaintiff cites no authority showing that any of the allegations in

the complaint render the respective documents legally insufficient or deprive Defendants of the right to sell the Property. Under Arizona law, "a power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold . . . after a breach or default[.]" Ariz. Rev. S. § 33-807(A). A.R.S. § 33-807(A) goes on to state that "the beneficiary or trustee shall constitute the proper and complete party plaintiff in any action to foreclose a deed of trust." *Id.* Plaintiff admits defaulting on her loan. Doc. 46 ¶ 6. Plaintiff points to no evidence raising a genuine issue of material fact that Citibank is the beneficiary and Quality Loan Service Company the trustee with authority to foreclose as stated on the Notice of Trustee's sale. *See* Doc. 1-1 at 70. Moreover, even if Plaintiff could support a claim that Defendants do not have the authority to foreclose, this does not entitle her to a claim of quiet title where she admits to defaulting on her payments and the loan documents clearly state that non-payment would make her subject to forfeiture of the Property. *See* Doc. 36-1, ¶ 7.

In an apparent plea to the equitable power of this Court, Plaintiff argues that it is too simplistic a rule of law to tell her that "you borrowed the money, you owe the lender, you must pay it back or you lose your home." Doc. 45 at 7. But this is precisely the bargain Plaintiff struck when she borrowed the money and signed the Deed of Trust to secure repayment. Plaintiff borrowed $617,500 in 2006, stopped making payments in 2008, and yet remains in the home in 2012. Defendants have the right under Arizona law to notice a Trustee's Sale in order to recoup some or all of the funds borrowed by Plaintiff. The Court will grant summary judgment to Defendants on Plaintiff's quiet title claim.

### C.     Claim 3: Accounting.

Plaintiff requests an accounting. Doc. 1-1, ¶¶ 44-48. The record shows that Defendants provided Plaintiff with a Customer Account Activity Statement from November 2007 to December 2010 and a Reinstatement Quote in November 2011. Doc. 34 ¶¶ 24–25; admitted in Doc. 46 ¶¶ 24–25. Plaintiff claims the Fair Debt Collection Practices Act of 1986 entitles her to an accounting, but she provides no

citation to the Act, much less to a particular provision of the Act. Doc. 45 at 8. Plaintiff fails to show why the documents provided do not satisfy specific requirements of the Act. *See* 15 U.S.C. § 1692g.

In addition, on July 27, 2011, Plaintiff's counsel was told, on nearly identical facts, that "[t]here is no statutory requirement that the [homeowner/borrower] be supplied with a complete accounting." *Badger v. Mortg. Elec. Registration Sys., Inc.*, No. CV-11-08094-PCT-NVW, 2011 WL 3156325 (D. Ariz. 2011) (quoting *Kelly v. NationsBanc Mortg. Corp.*, 17 P.3d 790, 792–93 (Ariz. Ct. App. 2000)). In fact, *Kelly*, quoted by *Badger*, explained that in the context of opposing a motion for summary judgment brought by a lender, a borrower would have to produce evidence to show that the lender's figures, once provided, were incorrect. *Kelly*, 17 P.3d at 793. Plaintiff has failed to produce such evidence. Accordingly, summary judgment is appropriate.

### D.     Request for Attorney's fees.

Defendants assert that because this dispute concerns loan documents, the action arises out of contract and Defendants are entitled to an award of attorneys' fees under A.R.S. § 12-341.01. Doc. 33 at 17. Defendants also assert that the terms of the loan documents entitle Defendants to attorneys' fees. *Id.* at 17-18; *see* Doc. 36-1 at 10, ¶ 7, 22, ¶ 9. Plaintiff argues that Defendants can recover fees under A.R.S. § 12-341.01 only if a contract exists between Plaintiff and both Defendants. Doc. 45 at 8-9.

The Court will require Defendants to file a memorandum and supporting material in support of its request for attorneys' fees. LRCiv. 54.2. Plaintiff will be given an opportunity to respond as provided in the schedule set forth below.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment (Doc. 33) is **granted**.
2. By **May 18, 2012**, Defendants shall file a memorandum and supporting material setting forth the attorneys' fees and costs incurred in defending against this action. By **May 25, 2012**, Plaintiff shall file a response. By **May 31, 2012**, Defendants shall file a reply. The initial memoranda shall not

exceed seven pages each (exclusive of attachments) and the reply shall not exceed four pages.

Dated this 9th day of May, 2012.

_David G. Campbell_
United States District Judge