WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Fleck, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Quality Loan Service Corporation, trustee, and American Home Mortgage Servicing, Inc., Servicer, and Citibank N.A. as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificate, Series 2007-HE2 by American Home Mortgaging Servicing, Inc. Successor in Interest to Option One Mortgage Corporation as attorney-in-fact; Quality Loan Service Corporation; American Home Mortgage Servicing Inc., its assigns and or successors in interest, and Does 1-20,<br><br>Defendants. | No. CV-10-8256 PCT-DGC<br><br>**ORDER** |

Defendants have filed two separate motions for attorneys' fees, costs, and expenses, the first to recover fees of $7,626.50 incurred in responding to Plaintiff's motion to strike, and the second to recover attorneys' fees of $70,893.55, taxable costs of $350, and non-taxable expenses of $2,137.06 incurred in successfully defending against this lawsuit. Docs. 55, 59. The motions are fully briefed. Docs. 55, 59, 61, 62, 63. No party has requested oral argument. Defendants' motion for fees incurred in defeating the motion to strike will be granted against Plaintiff's counsel. Defendants' motion for fees, costs, and expenses incurred in defending against this lawsuit will be denied.

## I. Background.

Plaintiff Robin Fleck filed suit on November 10, 2010, seeking compensatory and punitive damages for intentional misrepresentation and consumer fraud, an accounting of the proceeds from a foreclosure sale, and a declaration of quiet title. Doc. 1, ¶¶ 21-61. Defendants filed a motion for summary judgment which was granted on May 5, 2012. Docs. 33, 57. After the summary judgment motion was filed, Plaintiff filed a motion to strike and for sanctions. Doc. 37. That motion was denied on April 27, 2012. Doc. 54.

## II. Legal Standards.

A.R.S. § 12-349(A) provides that a court "shall" award attorneys' fees and expenses, and, in its discretion, double damages not to exceed $5,000, against a party or attorney who (1) brings a claim without substantial justification, (2) brings an action solely for the purpose of harassment, (3) unreasonably expands or delays the proceedings, or (4) engages in discovery abuse.

A.R.S. § 12-341.01(A) provides that, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." The trial court has broad discretion regarding the amount of fees awarded, and may use its discretion to deny fees or to award any amount up to the amount paid or agreed to be paid. A.R.S. § 12-341.01(B); *see also Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

## III. Plaintiff's Motion to Strike and for Sanctions.

Plaintiff's motion to strike made various arguments against Defendants: their written discovery responses were untimely, the responses violated Rule 11, the responses were not verified by proper corporate representatives, and Defendants failed timely to disclose a corporate representative. Doc. 37. Plaintiff sought serious sanctions, including that the responses be stricken, the requests for admission be deemed admitted, and financial sanctions be awarded against Defendants. *Id.* Defendants responded with a point-by-point rebuttal showing, for several reasons on each point, that Plaintiff's motion was simply wrong. Doc. 41. Plaintiff filed nothing in reply. The Court's order denying

Plaintiff's motion found that it was legally and factually incorrect and that Plaintiff had failed to comply with the case management order in this case and Federal Rule of Civil Procedure 11. Doc. 54. The Court stated that it was inclined to enter an award of attorneys' fee against Plaintiff or her counsel for filing the motion, but concluded that they should be given an opportunity to respond before such an award was granted. The Court accordingly required that the parties brief the issue. *Id.*

Defendants' subsequent motion for attorneys' fees argued that the deficiencies in Plaintiff's motion evidenced bad faith motives to harass and cause Defendants to incur unnecessary legal fees. Doc. 55. Plaintiff filed a 12-page response that discussed the mortgage crisis in America, the enormous number of foreclosures instituted by lenders, the failure of the courts to provide justice to borrowers, and the fact that summary judgment in this case was wrongfully obtained. Doc. 61. The response attached more than 250 pages of exhibits. *Id.* The response did not, however, address the arguments made in Defendants' motion for attorneys' fees (Doc. 55) or the deficiencies identified in the Court's order denying the motion to strike (Doc. 54). *Id.*

Under Arizona law – which applies in this diversity action – a court "shall" award attorneys' fees when an attorney unreasonably expands or delays the proceeding. A.R.S. § 12-349(A)(3). Plaintiff's motion to strike unreasonably expanded and delayed the resolution of this case by asserting numerous incorrect claims for sanctions. The deficiencies were errors of fact and law that could have been avoided through reasonable diligence by Plaintiff's attorney. *See* Docs. 41, 54. Because the motion to strike was clearly baseless, and the errors were those that should have been avoided by counsel, the Court concludes that Plaintiff's counsel unreasonably expanded and delayed this proceeding and that Defendants are entitled to recover the reasonable attorneys' fees they incurred as a result.

Defendants' motion for attorneys' fees includes an affidavit from lead counsel concerning fees expended in opposing the motion to strike, an explanation of the hourly rates charged for the response, and a spreadsheet describing by attorney, date, and subject

matter the work performed in responding to the motion.  Doc. 56.  Plaintiff's response argues that the motion for attorneys' fees fails to comply with Local Rule 54.2, but that rule by its terms applies to requests for attorneys' fees at the end of a case and not to fee requests for violation of the Federal Rules of Civil Procedure.  *See* LRCiv 54.2(a).  The Court's order denying Plaintiff's motion for sanctions found, among other errors, that it violated Rule 11 of the Federal Rules of Civil Procedure.  Doc. 54 at 2.

Upon review of Defendants' supporting materials, the Court concludes that the $385 hourly rate for associate David LaSpaluto and the $175 hourly rate for paralegal Heidi Kmoch are unreasonably high for the Phoenix market.  The Court will reduce the amounts awarded for the work of these individuals to $250 and $125 respectively.  So reduced, the total amount of fees reasonably incurred in responding to the motion to strike is $4,513.05.  The Court will award this amount in favor of Defendants and against Plaintiff's counsel Douglas C. Rhoads personally.

**IV.  Attorneys' Fees Regarding Plaintiff's Unsuccessful Suit.**

Defendants argue that they are entitled to attorneys' fees incurred in defending against this action pursuant to the plain terms of the Note, A.R.S. § 12-341.01, and A.R.S. § 12-349.  The Court does not agree.

Defendants are not entitled to a mandatory award of attorneys' fees under A.R.S. § 12-349 because they have failed to prove the necessary elements.  In order to obtain an award of fees against a party who brings a claim without substantial justification, the party requesting fees must prove by a preponderance of the evidence that the claim constitutes harassment, *and* is groundless, *and* is not made in good faith.  A.R.S. § 12-349(F).  The absence of even one element will preclude an award of fees.  *Valles v. Pima County*, 642 F. Supp. 2d 936, 957 (D.Ariz. 2009); *City of Casa Grande v. Arizona Water Co.*, 20 P.3d 590, 598 (Ariz. Ct. App. 2001).  Defendants' motion for attorneys' fees argues that Plaintiff's suit was groundless and not made in good faith, but fails to show that it was brought for purposes of harassment.  Absent a showing of harassment, A.R.S. § 12-349(A)(1) does not authorize an award of fees.

Defendants also fail to provide evidence that they are entitled to recover attorneys' fees under the Note. In order for the Note's attorneys' fees clause to have effect, the Note holder must first comply with the Notice of Default clause in the same paragraph. Doc. 59-1, ¶ 7(C), (E). Defendants have failed to provide any evidence showing that they complied with the Notice of Default clause and thus triggered the attorneys' fees clause. Doc. 8, ¶ 17.

Under A.R.S. § 12-341.01(A), a trial court has discretion in awarding fees and should consider several factors when making its decision. *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319-20 (9th Cir. 1997); *Associated Indemn. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (en banc). Among these factors is whether a fee award "would cause undue hardship." *Wagenseller v. Scottsdale Mem'l. Hosp.*, 710 P.2d 1025, 1049 (Ariz. 1985) (en banc); *Woerth v. City of Flagstaff,* 808 P.2d 297, 305 (Ariz. Ct. App. 1990).

The Court concludes that an award of more than $73,000 in fees and costs against Plaintiff would impose undue hardship. Plaintiff informed Defendants that without a settlement in this case she would file for bankruptcy. Doc. 62-1 at 2. Defendants have not provided evidence to show that Plaintiff has the ability to pay of fee award of more than $73,000 without undue hardship.

**IT IS ORDERED:**

1. Defendants' motion for attorneys' fees related to Plaintiff's motion to strike (Doc. 55) is **granted in part** as set forth above**.** Defendants are awarded attorneys' fees of $4,513.05 against Plaintiff's counsel Douglas C. Rhoads**.**

2. Defendants' second motion for attorneys' fees (Doc. 59) is **denied**.

Dated this 9th day of July, 2012.

_____
David G. Campbell
United States District Judge